# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGIOS APOSTOLOPOULOS, | § | |
|     Appellant, | § | **CIVIL ACTION NO. 15-0668** |
| | § | |
| v. | § | Bankruptcy Adversary No. 14-3088 |
| | § | |
| RONALD J. SOMMERS, Chapter 7 Trustee, | § | |
|     Appellee. | § | |

# **MEMORANDUM AND ORDER**

This bankruptcy adversary proceeding is before the Court on appeal from the Partial Judgment [Doc. # 36 in Adv. No. 14-3088] against Appellant Georgios Apostolopoulos entered by the United States Bankruptcy Court for the Southern District of Texas on February 26, 2015, granting the Motion for Partial Summary Judgment [Doc. # 3 in Adv. No. 14-3088] filed by Appellee Ronald J. Sommers, Chapter 7 Trustee.  Apostolopoulos filed a timely Notice of Appeal [Doc. # 1-1] and Brief [Doc. # 8], and Appellee filed his Brief [Doc. # 9].  Having reviewed the full record and governing legal authorities, the Court **reverses** the Bankruptcy Court's Partial Judgment and **remands** this adversary proceeding to the Bankruptcy Court for further proceedings consistent with this Memorandum and Order.

## I.     BACKGROUND

Debtor Michael Brown filed a voluntary Chapter 11 petition in Florida on January 23, 2013.  The Florida bankruptcy proceeding was conditionally dismissed on March 14, 2013, then reinstated and transferred to the United States Bankruptcy Court for the Southern District of Texas on September 24, 2013.  On October 24, 2013, Brown suffered a cardiac arrest, and he died on November 8, 2013.  At that time, the Chapter 11 bankruptcy was converted to a proceeding under Chapter 7.

The Trustee, Appellee herein, received information indicating that Brown had hidden (1) a suitcase containing over $1,000,000.00 in cash, (2) a collection of 45 valuable watches, and (3) certain valuable sculptures.  The Trustee hired a private investigator to locate these missing assets.  The Trustee suspected that three individuals either possessed the missing assets or knew where they were located. One individual was Svetlana Furman, Brown's girlfriend.  Another was Apostolopoulos's girlfriend, Irina Bogatcheva, an artist from whom Brown had commissioned artwork. The third individual was Jean Paul Marongin, Brown's driver.

On November 1, 2013, the Bankruptcy Court issued an Order Compelling Turnover of Estate Assets and the Means to Access Same ("Turnover Order").  A copy of the Turnover Order was personally served on Bogatcheva on November 11, 2013.  Apostolopoulos was present when the Turnover Order was served on

Bogatcheva, and a copy of the Turnover Order was found in a guestroom of Bogatcheva's and Apostolopoulos's home. There is no evidence, however, that the Turnover Order was served on Apostolopoulos.

Bogatcheva denied having any items belonging to Brown. Two days later, on November 13, 2013, Bogatcheva permitted the Trustee's investigators to search her home for the missing assets. No property belonging to Brown was found. On November 25, 2013, Bogatcheva appeared for a Bankruptcy Rule 2004 examination, at which she denied any involvement or knowledge regarding the missing assets.

Meanwhile, Furman -- one of the individuals whom the Trustee believed had either possession of or knowledge regarding the missing assets -- delivered to the Trustee's investigators approximately $165,000.00 in cash and several items of jewelry that Brown had given her. Furman told the investigators that Brown had given the missing sculptures to Bogatcheva.

Based on the conflicting statements by Furman and Bogatcheva, and reports from the Trustee's investigators that Bogatcheva was spending money, the Bankruptcy Court issued a show cause order ("Show Cause Order") on February 19, 2014, ordering Marongin, Furman and Bogatcheva to appear for a hearing on March 5, 2014, to show cause why they should not be sanctioned for violating the Turnover Order. Furman appeared at the show cause hearing and testified that Brown,

accompanied by Furman, delivered all the missing assets to Bogatcheva. Furman testified that Khachaturyan, a friend of Bogatcheva's, was present when the assets were delivered by Furman and Brown to Bogatcheva. The same day, the Bankruptcy Court issued an Order Holding Irina Bogatcheva, Vadim Khachaturyan, and Jean Paul Marongin in Contempt ("Contempt Order") for violating the Turnover Order. *See* Contempt Order [Doc. # 1256-1 in Bankruptcy Case No. 13-35892; Doc. # 3 in Adv. No. 14-3088]. Pursuant to the Contempt Order, Bogatcheva, Khachaturyan, and Marongin were taken into custody in Florida and transported to Houston, Texas, to appear before the Bankruptcy Court.

On March 12, the Bankruptcy Court issued a Break Order authorizing the Trustee, with the assistance of deputy U.S. Marshals, to search Bogatcheva's and Khachaturyan's homes in Florida. At Khachaturyan's home, the investigators discovered a camera containing 31 photographs of expensive watches, later confirmed to be some of Brown's missing watches. At Bogatcheva's home, the investigators found a copy of the Turnover Order in a guestroom, approximately $7,000.00 in loose hundred dollar bills, and a lady's handbag containing $70,000.00 in cash.

On March 17, 2014, the Trustee filed an "Emergency Motion for Order Holding Georgios Apostolopoulos In Contempt of This Court's Turnover Order" [Doc. # 1329 in Bankruptcy Case No. 13-35892]. The next day, March 18, 2014, the Bankruptcy

Court issued an Amended Order holding Apostolopoulos in contempt for having violated the Turnover Order. *See* Order [Doc. # 1336 in Bankruptcy Case No. 13-35892]. There was no notice to Apostolopoulos and no opportunity for him to show cause why he should not be held in contempt. Instead, the Bankruptcy Court directed the U.S. Marshal to take Apostolopoulos into custody and deliver him to Houston, where he was ordered held without bond until he appeared before the Bankruptcy Court. Apostolopoulos was arrested in Miami on March 19, 2014, and his assets were frozen. Following a show cause hearing on April 23, 2014, the Bankruptcy Court ordered Apostolopoulos released from custody.[1]

On March 25, 2014, the Trustee initiated Adversary No. 14-3088 against Bogatcheva, Khachaturyan, and Apostolopoulos pursuant to 11 U.S.C. § 362(k)(1). That section of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). In the Adversary Proceeding, the Trustee sought to recover money damages for the alleged conduct of Bogatcheva, Khachaturyan, and Apostolopoulos that gave rise to the Bankruptcy Court's contempt

---

[1] The Bankruptcy Court had ordered Bogatcheva and Khachaturyan released from custody on April 2, 2014.

orders in the main Bankruptcy Case.  The next day, the Trustee filed his Motion for Partial Summary Judgment in the Adversary Proceeding, seeking partial summary judgment against Bogatcheva, Khachaturyan, and Apostolopoulos in the amount of $750,000.00.  The Trustee sought partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, applicable to adversary proceedings pursuant to Bankruptcy Rule 7056.[2]  Apostolopoulos filed a Response [Doc. # 24 in Adv. No. 14-3088], to which he attached portions of Bogatcheva's sworn testimony from her Bankruptcy Rule 2004 examination and his own sworn testimony from his April 23, 2014, show cause hearing.

On February 26, 2015, the Bankruptcy Court held a hearing on the Motion for Partial Summary Judgment.  That same day, the Bankruptcy Court entered Partial Judgment, setting forth its opinion and findings.  Apostolopoulos filed a timely Notice of Appeal, which has been briefed and is now ripe for decision.[3]

---

[2] In his Brief, the Trustee states that he argued in his Motion for Partial Summary Judgment "that the Bankruptcy Court's prior findings and conclusions had a *res judicata* effect as to both liability and certain damages attributable to his claims under § 362(k) of the Bankruptcy Code." *See* Appellee's Brief [Doc. # 9], p. 21.  There is no mention of *res judicata* in the Trustee's Motion for Partial Summary Judgment, which cites only to Rule 56 as the legal authority for the relief requested.

[3] After the Notice of Appeal was filed, the Bankruptcy Court entered Judgment [Doc. # 107 in Adv. No. 14-3088] awarding the Trustee additional damages in the amount of $727,530.83, against Bogatcheva, Khachaturyan, and Apostolopoulos.

## II. STANDARD OF REVIEW

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *In re Thaw*, 769 F.3d 566, 368 (5th Cir. 2014). Mixed questions of law and fact are reviewed *de novo*. *In re Positive Health Mgmt.*, 769 F.3d 899, 903 (5th Cir. 2014); *In re TMT Procurement Corp.*, 764 F.3d 512, 519 (5th Cir. 2014).

"This Court may affirm if there are any grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Green Hills Development Co., L.L.C.*, 741 F.3d 651, 656 n.17 (5th Cir. 2014); *In re Scotia Pacific Co., LLC*, 508 F.3d 214, 218-19 (5th Cir. 2007).

## III. ANALYSIS

### A. Summary Judgment Pursuant to Rule 56

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate if the evidence in the record demonstrates that there are no genuine issues of material fact. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Where the movant bears the burden of proof at trial on the issue at hand, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir.

1995); *see also Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir. 2010); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

The Court may make no credibility determinations or weigh any evidence. *See Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 279 (5th Cir. 2014). Additionally, the Court must construe all the evidence in the light most favorable to the non-movant, and must draw all reasonable inferences in favor of the non-movant. *See Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000).

As an attachment to his Response to the Trustee's Motion for Partial Summary Judgment, Apostolopoulos submitted portions of Bogatcheva's Bankruptcy Rule 2004 examination and of his own sworn testimony at his April 23, 2014, show cause hearing. Bogatcheva denied having possession of the missing assets or knowledge regarding their location. Apostolopoulos testified under oath that, to his knowledge, none of Brown's missing cash, sculptures, or watches were in his house. This summary judgment evidence, presented under oath, raised a genuine issue of material fact which precluded summary judgment against Apostolopoulos.

Rather than deny the Motion for Partial Summary Judgment, however, the Bankruptcy Court held a hearing. The Court noted that the purpose of the hearing on July 30, 2014, was to allow him to test Ms. Furman's credibility, noting that the testimony from the parties was "very, very contradictory." *See* Transcript ("TR") of July 30, 2014 hearing [Doc. # 3-154], p. 225. At the conclusion of the hearing, the Bankruptcy Court stated that he would "leave the bench today believing that [Ms. Furman's] a credible witness." *Id.* at 250. The Bankruptcy Court then assessed Ms. Furman's credibility, stating repeatedly that her testimony "rings true to me." *See id.* at 250-253. The Bankruptcy Court stated his conclusion that Ms. Furman was credible, advising counsel that "while I will listen, read any documentation [defense counsel] want to give me about [Ms. Furman's] credibility, you've got a high hurdle to jump over based upon the testimony I've heard her give today." *Id.* at 253. The Bankruptcy Court reiterated that he wanted "everyone to know leaving the courtroom today that I heard nothing today that would lead me to conclude that Ms. Furman is not a credible witness, just the contrary." *Id.* at 254. The Bankruptcy Court specifically compared his view of Ms. Furman's credibility with his view of the credibility of Bogatcheva and Khachaturyan, concluding that he believed Ms. Furman was a credible witness. *See id.* at 255-256.

The proper test for a motion for summary judgment is whether the movant has demonstrated an absence of a genuine issue of material fact. In this case, the Bankruptcy Court recognized, indeed stated on the record, that there was conflicting evidence. The Bankruptcy Court then, without construing all the evidence in the light most favorable to the non-movants and drawing all reasonable inferences in favor of the non-movants, made credibility determinations. Based on those credibility determinations, the Bankruptcy Court granted summary judgment in contravention of Rule 56 of the Federal Rules of Civil Procedure. As a result, the Partial Judgment must be reversed.

### B.     *Res Judicata* Argument

In Appellee's Brief, the Trustee argues that the Contempt Order had *res judicata* effect in the Adversary Proceeding. The Trustee did not argue *res judicata* in support of its Motion for Partial Summary Judgment, and the Bankruptcy Court did not address *res judicata* in the Partial Judgment. Nonetheless, this Court will consider whether the Partial Judgment can be affirmed based on either *res judicata* or collateral estoppel.

*Res judicata* is available to a party in a defensive posture. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000). "The doctrine of *res judicata*, or claim preclusion, forecloses relitigation of claims that were or could have

been raised in a prior action." *Thomas v. City of Houston*, 2015 WL 4467782, *2 (5th Cir. July 22, 2015) (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004)). In the Adversary Proceeding, the Trustee asserted a § 362(k) claim against Appellant. Appellant did not assert any claim in the Adversary Proceeding which the Trustee now seeks to preclude by his assertion of *res judicata*. Consequently, *res judicata* is inapplicable.

Collateral estoppel, or issue preclusion, bars relitigation of issues that were "validly and necessarily determined" in a prior legal action. *See U.S. v. Schanbaum*, 10 F.3d 305, 311 (5th Cir. 1994); *Green v. C.I.R.*, 322 F. App'x 412, 418 (5th Cir. Apr. 23, 2009). Collateral estoppel applies as a bar to revisiting an issue of fact decided in a prior proceeding only if the issue was "fully and vigorously litigated in the prior action." *Gandy Nursery, Inc. v. U.S.*, 318 F.3d 631, 639 (5th Cir. 2003); *Green*, 322 F. App'x at 418. The factual findings in the two contempt orders were not the result of full and vigorous litigation. Instead, they were made without service on Apostolopoulos of the Turnover Order or a Show Cause Order. The findings were the result of testimony that was heard by the Bankruptcy Court in Appellant's absence. The testimony on which the Bankruptcy Court based his decision was not subjected to cross-examination. As a result, an element necessary to establish collateral estoppel is absent in this case. The findings in the Contempt Order did not bar

Appellant from presenting evidence that raised a genuine issue of material fact in the Adversary Proceeding.

Neither *res judicata* nor collateral estoppel apply in this case and do not provide an independent basis for affirming the Bankruptcy Court. The Bankruptcy Court improperly made credibility determinations in favor of the Trustee in granting the Motion for Partial Summary Judgment against Appellant. The Partial Judgment is reversed.

## IV. CONCLUSION AND ORDER

The Bankruptcy Court failed to apply Rule 56 standards for granting summary judgment as a matter of law. Instead, the Bankruptcy Court made credibility determinations and resolved genuine issues of material fact in favor of movant.

The Trustee's Motion for Partial Summary Judgment did not seek summary judgment based on *res judicata*, and the Bankruptcy Court did not address the factors required for *res judicata* to apply. Indeed, *res judicata* is a doctrine to preclude the prosecution of claims that were or could have been tried previously and, therefore, does not apply to this case. Collateral estoppel does not apply because the § 362(k)(1) issues were not "fully and vigorously litigated" prior to entry of the Contempt Order. As a result, the Bankruptcy Court erred in granting summary judgment, and it is hereby

**ORDERED** that the Bankruptcy Court's Partial Judgment [Doc. # 36 in Adv. No. 14-3088] is **REVERSED** and this adversary proceeding is **REMANDED** to the Bankruptcy Court for reinstatement and further proceedings consistent with this Memorandum and Order.

SIGNED at Houston, Texas, this 7th of **August, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE